## FORD v. RAGLAND.

PLEAS MUST BE DEFINITE AND CERTAIN. A *plea* to an action on a note, alleging that the consideration of the note "was certain tickets, checks, or notes purporting that money would be paid to the receiver, holder or bearer, which said tickets, notes or checks were intended to be used as a currency, or medium of trade, in lieu of money, the said tickets, notes or checks, not being authorized so as to be used or put in circulation," is demurrable on the ground of uncertainty.

CONFEDERATE MONEY. A note given in consideration of *Confederate money* is void.

*Appeal from Drew Circuit Court.*

Hon. WILLIAM M. HARRISON, Circuit Judge.

W. T. WELLS, for appellant.

GARLAND & NASH, for appellee.

WILSHIRE, C. J.

At the October term, 1865, of the Drew county circuit court, Stiles A. Ragland brought suit, by assumpsit, against William

D. Ford, on a promissory note, bearing date May 22, 1863, executed by Ford and one J. J. Thorn, (not sued,) payable to Ragland, or bearer, for the sum of seven hundred dollars.

The defendant interposed three pleas: One alleging that the consideration of the note sued upon "was certain tickets, checks or notes, purporting that money would be paid to the receiver, holder or bearer, which said tickets, notes or checks were intended to be used as a currency, or medium of trade, in lieu of money, the said tickets, notes or checks not being authorized so to be used or put in circulation. "

The other two pleas were, substantially, that the note was executed in consideration of Confederate treasury notes, and illegal, &c.

The plaintiff demurred to all three pleas interposed by the defendant. The court sustained the demurrer, and defendant saying nothing further, but electing to stand upon his demurrer, the court rendered judgment against him for the sum of $900\frac{27}{100}$ and costs, and he appealed to this court.

The demurrer to the first plea noticed, was properly sustained. This plea was clearly demurrable upon the ground of uncertainty. It does not show the character of the tickets, notes or checks set up as the consideration of the note, nor by whom issued—whether by a State, county or a city corporation, or by a private corporation, or an individual. The pleader is required to inform his adversary, by his pleading, of the nature and character of the defense relied upon, with sufficient certainty to enable him to reply understandingly. *Chit. Pl.*, 236; 3 *Scam.*, 237 ; 2 *Gilm.*, 362.

The two other pleas interposed by the defendant were substantially the same—alleging that the note was executed in consideration of Confederate treasury notes. The question presented, by the demurrer to both these pleas, comes within the doctrine held by this court, at the present term, in *Latham v. Clark.* The ruling in that case must determine the question in this. The demurrer, therefore, to the first and third pleas interposed by the defendant in the court below, was

improperly sustained; and, for this error, the judgment of the circuit court is reversed, and the cause remanded, to be proceeded in according to law.

Judge HARRISON, being disqualified, did not sit in this case. Hon. JOHN WHYTOCK, Special Supreme Judge.